## BROOKS *v.* THE STATE.

96  353
109  500.

96  353
a111 320

1. The declarations of an alleged owner, claiming certain goods found in the possession of a person accused of burglary, made some time after the date of the commission of the alleged offense and not in the presence of the person accused, are hearsay only, and should not be admitted.
2. Where a person accused of an offense makes a confession in which he implicates another in its commission, declarations of the latter, denying complicity, made to the officers when informed of the confession, are hearsay only, and upon the trial of the former, should not be admitted against him.
3. No presumption of guilt arises from the mere possession by the accused of goods alleged to have been stolen from the premises at the time of the commission of the burglary, unless the goods were shown to have been in fact stolen therefrom, and the accused is found recently thereafter in the possession of them; and a charge of the court, upon this phase of the case, which leaves entirely out of consideration both or either of these elements, is erroneous.
4. It is never too late for counsel to present to the court pertinent written requests to charge, until the jury has retired for consideration of the cause; and a refusal of such a request upon the ground that it came too late, it being handed to the judge upon the conclusion of the general charge, but before the jury had in fact retired, was erroneous.

July 8, 1895. By two Justices.

Indictment for burglary. Before Judge REESE. Wilkes superior court. May term, 1895.

COLLEY & SIMS and F. W. GILBERT, for plaintiff in error. W. M. HOWARD, solicitor-general, *contra.*

v 96-23

ATKINSON, Justice.

1. The defendant was indicted for the offense of burglary. On the trial of the case the State offered to prove by one of its witnesses, that he had taken some of the goods found in the possession of the defendant and carried them to a storekeeper whose store had been burglarized, and that upon showing them to the storekeeper, he exclaimed that they were his goods. To the admission of these declarations, the defendant objected upon the ground that they were hearsay only, and were therefore not admissible. This objection was overruled by the court, and the testimony admitted. We think that the objection to the testimony was well taken. As to whether or not the property alleged to have been stolen was in fact the property of the storekeeper and had ever been in fact in the store alleged to have been burglarized, were material questions bearing directly upon the guilt or innocence of the accused. These declarations made by the storekeeper could only be admitted under the sanction of an oath. The facts sought to be established by the declarations were not otherwise proven than by the declarations themselves; so that the substantial fact which went to the consideration of the jury was wholly unsupported by the oath of any one. It was strictly hearsay evidence, and therefore should have been excluded.

2. So likewise, when the defendant, being accused, makes a confession of his guilt, implicating another person, and the other person, upon the confession being communicated to him, denies his complicity, the declarations of the latter are hearsay only, and are not admissible upon the trial of the person making the confession. The confession cannot be impeached or discredited by unsworn testimony, and it was therefore error to admit the declarations of the alleged accomplice.

3. Upon the trial of the case, the court, in charging the jury touching the presumption arising from the recent possession of stolen goods, instructed them as follows: "If you believe from the evidence that this defendant broke and entered the house alleged in the indictment àt the time alleged, he is guilty of the offense of burglary.  To illustrate whether or not he broke and entered, you may consider all the evidence in the case; and one of the evidences you may consider is, whether or not, if the breaking and entering of the store has been established to your satisfaction, then in determining whether this defendant was the person or one of the persons who broke and entered, you may consider the question as to whether or not recently after the breaking and entering, he was in possession of goods that came out of that house; and the law on that subject is, that a person in possession of property recently after the commission of a burglary, having been in the place broken and entered, that you may infer from that fact his guilt as being the person who broke and entered." Exception was taken to this charge, as incorrectly stating the rule of law by which the jury were to be guided in the consideration of that class of testimony.  We think the charge was erroneous.  It left entirely out of consideration the question as to whether the goods were stolen from the house at the time the burglary was alleged to have been committed; and this is one of the important elements to be considered in determining the weight of that class of testimony.  Two things must concur: it must be shown that at the time the alleged burglary was committed the goods were taken from the house which was broken, and it must be shown that recently thereafter they were found in the possession of the defendant.  It is not the recent possession of goods that might have been in the storehouse, but the recent possession of goods shown to have been stolen there-

from at the time the burglary was committed, which affords the presumption upon which the guilt of the possessor of the stolen goods may be inferred. It will be observed, upon an analysis of the instruction given to the jury in this case, that they might have found the defendant guilty under that instruction, upon the ground that he was found recently in the possession of goods, which, however, passed honestly out of the stock of the proprietor of the store before the burglary was in fact committed. We think, therefore, that the charge of the court, leaving out of consideration the question as to whether the goods were stolen from the house at the time the alleged burglary was committed, was error prejudicial to the defendant.

4. The question of practice stated in the last headnote requires no further elaboration.

*Judgment reversed.*