## TURNER *et al. v.* THE STATE.

EVANS, P. J. 1. In the absence of a proper written request, it is not cause for new trial that the court failed to instruct the jury upon the rule of law respecting the credibility of witnesses. *Lewis* v. *State,* 125 *Ga.* 48 (53 S. E. 816) ; *Lewis* v. *State,* 129 *Ga.* 731 (59 S. E. 782).

2. The court charged the jury on the subject of their duty to acquit the defendants, or such of them as to whom the evidence failed to show guilt beyond a reasonable doubt, as clearly and distinctly as was stated in the written request. Where the court has fairly and fully instructed the jury on a given subject, it is not error to deny requests to charge on that subject, varying from the charge only in the mode of expression, and not in substance. *Perdue* v. *State,* 126 *Ga.* 112 (54 S. E. 820).

3. It was not error to give the following charge: "I charge you in this connection that where a homicide is shown to have been committed, the law presumes that the homicide was malicious, and it devolves on the defendant to show justification or mitigation or excuse unless the evidence adduced against him shows such justification or mitigation or excuse, or unless the circumstances connected with the homicide, if a homicide is shown to have been committed, show justification or mitigation or excuse." *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

4. The evidence was sufficient to show concert of action with the actual slayer, who was jointly tried with the plaintiffs in error, and that the homicide was murder. The court did not abuse its discretion in refusing a new trial.

　　*Judgment affirmed.* *Beck, J., absent.* *The other Justices concur.*
　　　　　　　　　　MARCH 11, 1913.

Indictment for murder. Before Judge J. B. Park. Morgan superior court. November 22, 1912.

*Middlebrooks & Burruss* and *Williford & Lambert,* for plaintiffs in error. *Thomas S. Felder, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.