### 5926.   REED *v.* THE STATE.

WADE, J.   1. Where the defense of alibi is made only by the defendant's statement, it is not error for the trial court to omit instructions thereon, in the absence of a timely written request. *Brundage* v. *State,* 14 *Ga. App.* 460 (81 S. E. 384); *Watson* v. *State,* 136 *Ga.* 236 (5), 239 (71 S. E. 122); *Carter* v. *State,* 15 *Ga. App.* 343 (83 S. E. 153), and cases cited. The rule would be different if this defense should be raised otherwise than by the statement of the defendant to the jury. *Duggan* v. *State,* 3 *Ga. App.* 332 (59 S. E. 846). Where one defense is mainly relied upon, *and evidence is introduced to sustain it,* it is error for the judge to omit calling the attention of the jury to that defense, whether

or not he is requested so to do. *Chattanooga & Durham R. Co.* v. *Voils,* 113 *Ga.* 361 (38 S. E. 819). In *Glaze* v. *State,* 2 *Ga. App.* 704-708 (58 S. E. 1126), the issue which the court failed to submit to the jury "was not dependent upon the defendant's statement for its existence. It necessarily arose, regardless of the statement, from the other evidence in the case."

2. Where one accused of robbery admits his possession of some of the stolen property since the time when the crime was committed, but denies his guilt and offers an explanation of his possession which is entirely consistent with his innocence, the admission is not a confession, but merely an incriminatory statement, and neither demands nor authorizes instructions to the jury as to the law of confessions. "Proof of an inculpatory statement will not authorize a charge upon the subject of confession." *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031). "When a person admits only certain facts, from which the jury may or may not infer guilt, there is no confession." *Covington* v. *State,* 79 *Ga.* 687 (7 S. E. 153). "There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not." *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100). See also *Dumas* v. *State,* 63 *Ga.* 601; *Powell* v. *State,* 101 *Ga.* 10 (4), 18 (29 S. E. 309, 65 Am. St. R. 277); *Lee* v. *State,* 102 *Ga.* 221 (2), 224 (29 S. E. 264); *Suddeth* v. *State,* 112 *Ga.* 407-408 (37 S. E. 747); *Cleveland* v. *State,* 114 *Ga.* 110 (39 S. E. 941). "A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. A statement which admits the commission of an act, but which also gives legal excuse or justification, is not a confession. It is error to charge upon the subject of confessions where there is no evidence upon which to support the charge." *Owens* v. *State,* 120 *Ga.* 296 (48 S. E. 21). See also *Hart* v. *State,* 14 *Ga. App.* 714 (3), 715.

3. The evidence authorized the verdict, and the assignments of error are without merit.    *Judgment affirmed. Broyles, J., not presiding.*
    DECIDED DECEMBER 9, 1914.

Indictment for robbery; from Fulton superior court—Judge B. H. Hill. June 27, 1914.

*Sims & Von Nunes,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general, E. L. Stephens,* contra.