### 15277.  BARRETT *v.* THE STATE.

LUKE, J.   1.  Where the defense of alibi is set up by the defendant's statement alone, a charge thereon is not necessary, in the absence of a timely written request. *Brundage* v. *State,* 14 *Ga. App.* 460 (2) (81 S. E. 384); *Reed* v. *State,* 15 *Ga. App.* 435 (1) (83 S. E. 674); *Sheffield* v. *State,* 15 *Ga. App.* 514 (3) (83 S. E. 871); *Holliday* v. *State,* 23 *Ga. App.* 400 (3) (98 S. E. 386).

(*a*) Where the evidence offered to establish an alibi is weak and inconclusive, there is no error in the failure of the court to charge the jury specifically on the subject, in the absence of a request to give such a charge. *Jenkins* v. *State,* 13 *Ga. App.* 82 (1) (78 S. E. 828); *Gadlin* v. *State,* 13 *Ga. App.* 660 (1) (79 S. E. 751); *Moore* v. *State,* 17 *Ga. App.* 344 (2) (86 S. E. 822).

(*b*) And where, as in this case, the only evidence offered in corroboration of the defendant's statement setting up that defense fails reasonably to exclude the possibility of the defendant's presence at the scene of the offense at the time of its commission, and there is no written request for a charge on the law of alibi, and the court's attention is in no way called to the omission to charge thereon until after the verdict, such omission affords no cause for a new trial.

2. The evidence authorized the verdict, and the record discloses no reversible error.

   *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 15, 1924.

Indictment for manufacture of liquor; from Floyd superior court—Judge Wright.   December 8, 1923.

*Porter & Mebane,* for plaintiff in error.

*E. S. Taylor,* solicitor-general, contra.