MATTOX, *alias* PAUL, *v.* THE STATE.

BECK, Presiding Justice. 1. Exceptions to conclusions and rulings by the trial judge upon preliminary and collateral issues, such as a challenge to the array of trial jurors, can not properly be made grounds of a motion for new trial, but should be directly excepted to in the bill of exceptions or in exceptions pendente lite duly filed. This was not done in the present case. *Herndon* v. *State*, 178 *Ga*. 832 (174 S. E. 597); *Hargroves* v. *State*, 179 *Ga*. 722 (177 S. E. 561); *Benford* v. *State*, 18 *Ga. App*. 14 (88 S. E. 747).

2. The court did not err in failing to give in charge to the jury the law of involuntary manslaughter. Under the evidence the shooting of the deceased was either justifiable homicide, or murder, or voluntary manslaughter.

3. If the statement of the defendant introduced the law of involuntary manslaughter, a failure to charge upon that subject, in the absence of a timely written request, is not reversible error.

4. The charge that the law presumes every homicide felonious until the contrary appears from circumstances of alleviation or excuse or justification, and that it is incumbent upon the prisoner to make out such circumstances to the satisfaction of the jury unless they arise out of the evidence produced against him, was substantially correct.

5 The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*

No. 10903. OCTOBER 19, 1935.

362

*T. R. Watkins, George B. Brooks,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. S. Skelton, solicitor-general, B. D. Murphy* and *George L. Goode, assistant attorneys-general, W. W. Armistead, E. P. Shull,* and *Hamilton McWhorter,* contra.