### WYNES *v.* THE STATE.

No. 11257. April 16, 1936. Rehearing denied May 16, 1936.

*Frank Gearrald, Willis Smith*, and *Smith & Millican*, for plaintiff in error.

*M. J. Yeomans*, attorney-general, *W. Y. Atkinson*, solicitor-general, *B. D. Murphy, E. J. Clower*, and *Luther Wyatt*, contra.

Hutcheson, Justice. Clarence Wynes and Mrs. Mitt Wynes were jointly indicted and tried for the offense of murder, and were convicted. Motions for new trial were overruled, and each of them excepted.

In several of the grounds of the motion for new trial it appears that the defendant objected to the admission of evidence on certain grounds at the time it was introduced. In the motion for new trial additional reasons are given as to why the evidence was inadmissible. The attention of the court must be called to

the specific ground of objection at the time the evidence is offered, and the failure to do so may be considered a waiver. *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852), and cit. Additional objections urged on motion for new trial are not sufficient to raise questions thereon in this court. *Georgia Railroad &c. Co.* v. *Daniel,* 135 *Ga.* 108 (2) (68 S. E. 1024).

■ Ground 1 of the amendment to the motion for new trial complains that the court erred in not allowing a witness for the State, on cross-examination by the defendant, to testify what a doctor who had visited and treated the deceased had said in reference to the mental condition of the deceased, and as to what instructions the doctor had given to the witness for the care of the deceased. This testimony was purely hearsay, and was not for the purpose of impeaching any witness; and furthermore, "A witness will not be permitted to prove the opinion of others on any question." *Sullivan* v. *Hugly,* 32 *Ga.* 316.

■ A witness for the State testified that the two defendants had left a field and had gone toward a swamp, out of sight of the witness, that in a short time the witness heard a shot, and in a little while the defendants returned to the field. Later the body of the deceased was found close to the swamp, dead from gunshot wound. The defense attempted to impeach this witness by eliciting, on cross-examination of other witnesses for the State, testimony to the effect that the witness whom it was sought to impeach had testified, on the first day of the coroner's inquest, that the defendants were in the field when the shot was heard. The State then proved by these same witnesses that on the second day of the inquest the witness testified substantially the same as upon the trial, and gave as a reason for her contrary testimony on the first day that she had been threatened by one of the defendants, and that she was afraid to tell the truth at that time. This testimony brought out by the State was objected to on the ground that it was an attempt by the State to bolster up the testimony of the witness whom it was sought to impeach. The evidence was admissible over the objection urged. Where it is sought to impeach a witness by proving contradictory statements made by him under oath, it is competent to bring out all the testimony given by the witness on the former hearing, upon the point in question, in order to show that on the whole it is not inconsistent with the testimony of the wit-

ness given at the trial in progress. *Lowe* v. *State,* 97 *Ga.* 792 (3) (25 S. E. 676).

■ Certain witnesses for the State testified as to experiments made in the presence of members of the coroner's jury. The gun found near the body of the deceased was used in these experiments. Pieces of cardboard were placed on a wooden board, and the gun was fired at them from various distances. The witnesses testified as to the size of the hole in the body of the deceased, and the powder-burns surrounding the wound. They then compared the holes and powder-burns on the cardboards with those on the body of the deceased, and testified that a certain piece of cardboard, from which the gun was held a distance of two feet, had approximately the same size hole and powder-burns as the body of the deceased. The same make and gauge of shell was used in the experiments, but there was some variance in the size of the shot and the amount of powder in the shell from that found in the gun. No piece of cloth or of clothes was placed in front of the pieces of cardboard when making the experiments. The cardboards and the testimony in reference thereto were admitted in evidence over the objection of the defendant that the experiments were not carried out under the same conditions under which the wound was produced in the body of the deceased. "The admission or exclusion of testimony as to experiments must rest largely in the discretion of the trial judge, and the exercise of this discretion will not be controlled unless abused. The weight of such testimony is for the jury, and varies according to the circumstances of similarity that they may find to exist between the experiments as made and the actual occurrence under investigation." *Bell* v. *State,* 164 *Ga.* 292 (138 S. E. 238). No abuse of discretion is shown in the instant case.

■ The defense of alibi having been made only by the defendant's statement, it was not error for the court to omit to charge the jury thereon, in the absence of a timely written request. *Watson* v. *State,* 136 *Ga.* 236 (5) (71 S. E. 122) ; *Barrett* v. *State,* 32 *Ga. App.* 30 (122 S. E. 645) ; *Reed* v. *State,* 15 *Ga. App.* 435 (83 S. E. 674).

■ Error is assigned on the failure of the court to charge the jury on the law of conspiracy, in the absence of a timely written request to do so. The court did charge the jury as follows: "Now, gentlemen, while these defendants are being tried together, jointly,

each of the defendants is entitled to have his or her case decided separately and apart from the other; in other words, gentlemen, you will take the evidence under the rules of law I will give you in charge, to each of these defendants, and each of these defendants is entitled to have a separate consideration of his or her case, and to have his or her case passed upon with reference to whether or not either one or both is not guilty." Under these circumstances the failure of the court to charge the law in reference to conspiracy, if error at all, was harmless.

■ The other grounds of the motion for new trial are without merit.

■ The evidence was sufficient to support the verdict.

■ Under the above rulings the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*