WILLIAMS *v.* THE STATE.

No. 15196.  JULY 3, 1945.

*R. A. Moore,* for plaintiff in error.

*T. Grady Head, attorney-general, John W. Bennett, solicitor-general,* and *N. J. Smith, assistant attorney-general,* contra.

ATKINSON, Justice.  Henry R. Williams was convicted of the murder of C. E. Crosby, and sentenced to death by electrocution. Mrs. Crosby, the wife of the deceased, testified that in January, 1941, about 8:30 p.m., the accused, a negro man, entered their store and at the point of a pistol robbed her husband of money in the cash drawer, money upon his person, his watch, and then shot and killed him. She witnessed the entire transaction. The accused was a stranger, but in October, 1944, she saw and identified

him. Several admissions and confessions were introduced. The evidence was sufficient to authorize the verdict.

■ In the first special ground of the motion for new trial the accused asserts that he has not had a fair and impartial trial under the following constitutional provisions: Art. 1, sec. 1, par. 3, of the State constitution (Code, § 2-103), providing: "No person shall be deprived of life, liberty, or property, except by due process of law;" art. 1, sec. 1, par. 5 of the State constitution (Code, § 2-105), providing for the benefit of counsel, a copy of the accusation, and a public and speedy trial by an impartial jury; the fifth amendment to the constitution of the United States (Code, § 1-805), providing for due process of law; the sixth amendment to the constitution of the United States (Code, § 1-806), guaranteeing the right to a speedy and public trial by an impartial jury; and the fourteenth amendment to the constitution of the United States (Code, § 1-815), providing that no person shall be denied the equal protection of the law. It is asserted that these rights were denied because: (a) The accused was a negro without funds to employ counsel. (b) He was confined in jail for several days prior to the convening of court. An attorney was appointed to represent him on October 12, and conferred with him on the 13th or 14th. The indictment was returned on the 16th, and he was placed on trial the same day. The attorney was not then permitted to retire to a room for a conference with the accused outside of the presence of deputies or bailiffs, as when they retired to a room for a conference the presence of these officials mentally upset the accused. (c) The attorney made a motion to continue the case on account of the absence of two witnesses, but abandoned the same and stated to the court, "I don't need any of these witnesses," without a conference with or suggestion of the movant. (d) No other effort was made to defer the trial. (e) The attorney signed a plea of not guilty and waived arraignment, copy of the indictment, and a list of the witnesses sworn before the grand jury. (f) The defendant did not agree to waive the presence of the witnesses who were the subject of the motion to continue, and now repudiates the plea of not guilty and the accompanying waivers. Counsel who defended the accused in the lower court is not now representing him in this court. Counsel appearing in this court had no connection with the case until after the verdict

and sentence. There is no allegation that the attorney who tried the case was incompetent, inexperienced, untrustworthy, or derelict in his duty.

We see no violation of any constitutional rights alleged by the accused. There was no motion made for a continuance on the ground of lack of time or opportunity to prepare for trial; nor does the record disclose that any ruling of the court was invoked in reference to the accused and his counsel not having a private conference after the trial began. As to the withdrawal of the motion for continuance on account of the absence of two witnesses, the record shows that the evidence which these two witnesses would have given consisted of purely self-serving declarations, and would not have been admissible on the trial. After the attorney for the accused waived arraignment, copy of the indictment, and a list of the witnesses sworn before the grand jury, entered a plea of not guilty, and proceeded to trial and a verdict, the accused could not then repudiate the plea of not guilty and the accompanying waivers. No ruling is here disclosed that violates any alleged constitutional right, and this is so clear and elementary that no citation of authority is necessary.

■ The second special ground alleges that the accused has been deprived of his constitutional rights under art. 1, sec. 1, par. 25, of the constitution of the State (Code, § 2-125), which provides that all citizens of the United States, resident in this State, are citizens of this State and are entitled to protection in the full enjoyment of the rights, privileges, and immunities due to such citizenship; and also under art. 6, sec. 18, par. 2, of the constitution of Georgia (Code, § 2-4502), providing for the selection of grand jurors and traverse jurors. The reasons assigned to elucidate this deprivation of constitutional rights under the foregoing provisions are many and varied; but all are bottomed on the allegation that the panel of jurors put upon the accused was drawn from a jury box from which negroes had been systematically excluded. This question was not raised except as a ground of amendment to a motion for new trial. Where a defendant takes the chance of a verdict of acquittal by a jury, he will be held to have waived such grounds of objection as should have been made prior to the entry of a plea of not guilty or the return of a verdict, and will not be heard to make them for the first time after con-

viction by motion for a new trial. *Carter* v. *State,* 143 *Ga.* 632 (2 c) (85 S. E. 884); *Lumpkin* v. *State,* 152 *Ga.* 229 (8, 9) (109 S. E. 664); *Herndon* v. *State,* 178 *Ga.* 832 (174 S. E. 597); *Hargroves* v. *State,* 179 *Ga.* 722 (177 S. E. 561); *Mattox* v. *State,* 181 *Ga.* 361 (182 S. E. 11); *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (2) (15 S. E. 2d, 873, 146 A. L. R. 365).

■ The third special ground alleges error in the refusal to grant a new trial on the ground of newly discovered evidence. This new evidence, by two witnesses, would show that the accused was at his home, seventeen miles from the scene, at the time of the homicide. The accused produced no evidence at the trial, but made a statement in which he claimed he was at his home the night of the homicide, and was in the presence of his sister, Mildred Lee McBride, and on the place of Mr. Douglas. Affidavits to this effect, signed by these two persons, constitute the newly discovered evidence relied upon in this ground. In his statement, the accused sought to establish an alibi, and the evidence here tendered as being newly discovered would be cumulative. This evidence is also in the nature of impeaching to the testimony of Mrs. C. E. Crosby, the wife of the deceased, and an eyewitness to the homicide. But even if the trial judge had thought such evidence was not merely cumulative or impeaching in its character, as required by the Code, § 70-204, still this ground would not have obliged him to grant a new trial. No diligence to procure this testimony was shown. The indictment put the accused upon notice of the crime with which he was charged, and it was his duty to prepare to meet that charge by having these witnesses subpœnaed. His assertion now that he did not know the date of the homicide of the deceased until the solicitor-general stated the date in his opening statement to the jury, can be of no avail to him, as it was his duty to prepare his defense to this charge, and the date of the homicide would be a material fact to ascertain where the defense is that of an alibi.

■ The fourth special ground sets up newly discovered evidence, the same being in the form of a certified copy of the records now on file in the Georgia bureau of investigation and containing twenty different documents, composed of letters, statements, and various reports pertaining to the investigation of the homicide involved in the instant case. From an analysis of this documentary evidence, there is only one document that would be admissible in

evidence in the event of another trial of the accused, and that is an affidavit by Mrs. C. E. Crosby, the widow of the deceased, executed on January 23, 1941. The only way in which this affidavit could be used on another trial, would be for the purpose of impeaching the testimony of Mrs. Crosby, which would not be a sufficient ground to authorize a new trial on newly discovered evidence. But aside from this, the affidavit does not impeach her testimony, but relates the circumstances of the homicide substantially as she testified. Where a ground of a motion for new trial on newly discovered evidence is based on a certified copy of various documents which contain much that would not be admissible in the event of another trial, it is proper for the trial judge and for this court, in passing upon the ground, to consider only such portions of the alleged newly discovered evidence as would be admissible in the event of another trial. *Bryant* v. *State,* 197 *Ga.* 641 (12) (30 S. E. 2d, 259).

■ The fifth special ground is based upon newly discovered evidence, in the form of an affidavit executed by J. H. Williams. This affidavit contains statements in the nature of hearsay, conversations, and opinions that would not be admissible upon another trial; and the only direct evidence that would be germane and admissible is a statement of the description of the guilty party given to the affiant by Mrs. Crosby about a year after the homicide, which varies from the testimony given by Mrs. Crosby at the trial as to the height, weight, color, and other features of the guilty party. Such evidence would be purely impeaching, and the court did not err in the exercise of its discretion in refusing a new trial on this ground.

■ The sixth special ground alleges error in a portion of the charge. After defining the law of murder, express malice, and implied malice, the court charged as follows: "If the jury should believe that the defendant killed the person named in the indictment by shooting him with a pistol, that at the time of the killing the defendant was in no danger from the person killed, that the person killed was not committing, or attempting to commit a serious personal injury on the person of the defendant, and that the circumstances of the killing were not such as to justify the belief that the deceased intended, endeavored, or was about to commit a serious personal injury on the person of the defendant,

but that the killing was intentional, unlawful, with malice aforethought, and without justification or mitigation as charged, then and in that event the jury would be authorized to find the defendant guilty of murder." Following this paragraph, the court charged the law of justifiable homicide as related to the defense of one's person. It is insisted that the phrase, "serious personal injury on the person of the defendant," as used in the foregoing excerpt, was confusing to the jury in applying the law of justifiable homicide, which provides for justification when the deceased is committing or attempting to commit a "felonious assault." In so far as the law of murder and justifiable homicide is concerned, whatever inaccuracy there may be in the foregoing excerpt from the charge could not have been injurious in the instant case, for the reason that it was an expression more favorable to the accused than the law of murder or justifiable homicide warranted.

■ Under the seventh special ground, the charge on the law of confessions is dissected, and exceptions are made to portions thereof because: (a) "It is a question for the jury to determine, first, whether a confession was made, and secondly, if made, whether it was made voluntarily." This was not here an expression of opinion of what had been proved. (b) The second division of this ground alleges: "The omission of the instruction with reference to a confession without qualification was the expression of an opinion that the same had been made freely and voluntarily, and was an invasion of the province of the jury." This assertion is too indefinite for this court to interpret its meaning, and therefore does not constitute a proper assignment of error. (c) The instruction, "a confession alone, uncorroborated by any other evidence, shall not justify a conviction," was not erroneous, misleading, or confusing, for not giving in connection therewith any rule to test the degree of corroboration, or that the jury were the judges of the sufficiency of corroboration. The above excerpt is a quotation from the last sentence of section 38-420 of the Code. This entire section was given in charge, and if additional instructions were desired, a timely and proper request therefor should have been made.

■ The eighth special ground alleges error in that the court charged the law of justifiable homicide, when there was no evidence to establish this grade of homicide, and the sole defense of the

accused was that of an alibi. In the testimony of C. H. Shaw, wherein he related a statement made by the accused, he quoted the accused as follows: "He thought Mr. Crosby was reaching for his shotgun and he shot him and then ran." It might be insisted that this did not constitute self-defense, for the reason that this assertion was immediately preceded by the admission of the accused that he was at that time engaged in robbing Mr. Crosby. But giving the evidence that construction would not require the grant of a new trial. Assuming that justifiable homicide was not involved, the charge authorized the jury to acquit him upon that ground, and he was in no way injured thereby. Where, in the trial of a person for murder, the State proves the killing as alleged in the indictment, and the accused defends upon the grounds that he was not the person who committed the crime, and was not present at the time of its commission, it is not reversible error for the court to charge the law of justifiable homicide, where no injury is shown as a result thereof. *Ward* v. *State,* 184 *Ga.* 566 (2) (191 S. E. 916); *Geer* v. *State,* 184 *Ga.* 805 (193 S. E. 776); *Walton* v. *State,* 190 *Ga.* 746 (4) (10 S. E. 2d, 755); *Claybourn* v. *State,* 190 *Ga.* 861 (3) (11 S. E. 2d, 23).

Under the ninth special ground, it is contended· that the trial court erred in failing to state the contention of the accused that he was not present at the scene of the killing. The court charged the jury that: "The defendant contends that he is not the person who committed the crime, . . and that he is innocent of the charge. If you should believe the contentions of the defendant, or if you should not believe him guilty beyond a reasonable doubt, it will be your duty to acquit him." · The accused introduced no evidence, but in his statement said that he was not present at the time of the commission of the crime, but was at a place seventeen miles away. In the absence of an appropriate request, an omission to charge the jury on the defense of alibi, which is presented only by the statement of the accused, is not error. *Wynes* v. *State,* 182 *Ga.* 434 (5) (185 S. E. 711).

In the tenth special ground it is alleged that the court erred in charging the law of confessions. It is insisted that there was no evidence of a confession, but only evidence of incriminatory admissions. The ground is without merit, as the record discloses

confessions made to Charlie W. Dean, Melvin Davis, and C. H. Shaw.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth and Wyatt, JJ., concur.*