## WILLIAMS *v.* THE STATE.

Wyatt, Justice. 1. The plaintiff in error was convicted in the court below of rape. The only reference to the general grounds of the motion for new trial contained in the brief of the plaintiff in error is the following: "Counsel for the plaintiff in error strenuously insist upon each and every ground of the general grounds of the motion for new trial." It is sufficient to say, that the verdict was authorized by the evidence.

2. The only question raised by the amended motion for new trial was a complaint that the trial judge failed to charge the law of alibi without any written request to do so. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code § 38-122. Where there is no evidence of alibi except the statement of the defendant, it is not error to fail to charge the law of alibi in the absence of a timely written request. *Barrett* v. *State*, 32 *Ga. App.* 30 (122 S. E. 645), and cases there cited. Conceding, but

not deciding, that the statement of the defendant was sufficient to raise the defense of alibi, the evidence of the sheriff, who arrested the defendant, in no way supported the defense of alibi, and no other evidence tending to do so was offered. The sheriff arrested the defendant about one and one-half hours after the alleged commission of the crime and about one mile from the scene of the crime. Certainly this testimony in no way "involves the impossibility of the accused's presence at the · scene of the offense at the time of its commission." It follows that the judgment denying the new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 17361. FEBRUARY 14, 1951.

*Gibson & Maddox,* for plaintiff in error.

*Eugene Cook, Attorney-General, Edward Parrish, Solicitor-General, R. G. Dickerson,* and *J. R. Parham, Assistant Attorney-General,* contra.

*Judgment affirmed. All the Justices concur.*