34109.   TOWNSEND *v.* THE STATE.

Decided July 3, 1952.

*F. Kelly McCutchen,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.

GARDNER, P.J. ■ We have set out the evidence somewhat in detail. It speaks for itself. To our way of thinking it sustains beyond peradventure the verdict of guilty as to the general grounds. Regarding some phases of the testimony, we will discuss them further as we take up the special grounds for consideration.

■ Special ground 1 complains of the charge of the court, as follows: "I charge you that the possession of goods by a person, which goods have recently been stolen, where that possession is not satisfactorily explained, is a circumstance for the jury's consideration, and may be sufficient to authorize a conviction." Error is assigned on this excerpt: (a) Because the charge expresses an opinion that the goods in question were, in fact, stolen; (b) that nowhere in the evidence is it shown that the particular articles alleged to have been stolen—referring, of course, to the 1922 silver dollar and the one hundred dollar bill —were identified as the same articles admitted in evidence at the trial of the case; (c) that various excerpts from the charge of the court confused and misled the jury. These excerpts were in substance as follows: (1) the object of all legal investigation is the discovery of the truth; (2) the charge of direct and circumstantial evidence; (3) the definition of burglary and the punishment therefor; (4) the possession of recently stolen property not satisfactorily explained by the defendant; (5) the charge of reasonable doubt. In this connection it is contended that the jury were misled. The jury should have been instructed that the defendant could be acquitted "unless the articles were sufficiently identified or linked with the offense with some positive degree of certainty rather than just the apparent suspicion that seemed to have been stronger than evidence." It is insisted that, in the face of such charge, the defendant was left only to his explanation of possession which could have been,

in effect, a definite impossibility as to the one hundred dollar bill and a strong improbability as to the silver dollar. These are the only two articles involved here. In this ground the charge of the court is not attacked as being incorrect as an abstract principle of law. As to what inextricable web such evidence weaves around the defendant regarding the impossibility and the improbability of his being able to make a satisfactory explanation to the jury as to his possession of the articles—that is not for this court to fathom. It was for the jury to decide that question. We are inclined to the belief, under the facts of this case, that the defendant could not, and did not extricate himself by a satisfactory explanation, and the jury took this view. This ground is without merit.

3. Special ground 2 assigns error, in that the court failed to charge the jury on the principle of law contained in the Code, § 38-109. On this question the court charged: "The object of all legal investigation is the discovery of the truth. Direct evidence is that which points immediately to the question at issue. Indirect or circumstantial evidence is that which tends to establish the question at issue by proof of various facts and circumstances, sustaining by their consistency the hypothesis claimed. Insofar as the State relies for a conviction on circumstantial evidence alone, the evidence should not only convince your minds beyond a reasonable doubt as to the guilt of the accused; must not only be consistent with the theory of guilt; but must be inconsistent with the theory of innocence."

The defendant in this ground goes into considerable explanation as to why the court should have charged the Code section verbatim or almost so. We will not discuss this phase. Suffice it to say that the charge of which complaint is made was—while not in the exact words of the Code section—substantially correct. It was perhaps more favorable to the defendant in the words given than if exact words of the statute had been quoted.

4. Special ground 3 assigns error because the court admitted over objections the 1922 silver dollar in question. It is contended that this was not properly identified as being the property alleged in the indictment and having been taken from the lumber yard office. In a case dependent upon circumstantial evidence, each fact must be proved separately. The case can-

not be made out all at once, and evidence which tends to establish the issue in controversy is admissible. This is so, though it may be that no particular fact is sufficient, standing alone, to prove the issue in controversy. This is the very gist of circumstantial evidence. Of course, if the 1922 silver dollar had been proved beyond peradventure to be the silver dollar alleged in the indictment as the one taken from the lumber yard office and found in possession of the defendant, there would have been no sense in going any further. That would have made out the case unless the defendant satisfactorily explained his possession of it. This was a jury question. That is not all we have here: first, the lumber yard office was burglarized; second, the defendant's motor vehicle, after a heavy rain, left tire tracks in the lumber yard where the vehicle had backed up to the burglarized building; third, then there was the fact that the one hundred dollar bill was in the possession of the defendant early the next morning. All of these facts must be taken into consideration as circumstantial. The jury were clearly authorized to infer that silver dollars coined in 1922 are by this date somewhat scarce. This particular coin had been kept by Mr. Smith for five years until it was traded for the 1923 silver dollar. And we might add that one hundred dollar bills do not move in trade so fluently as to lodge frequently in the possession of people of common vocation. The defendant's explanation to the jury in relation to the one hundred dollar bill is that he had never seen it. He does explain, with reference to the silver dollar, that he made a liquor haul the night of the burglary, sold the liquor, then on top of that had been engaged in the unlawful practice of "a crap game" where he gambled for and received the 1922 silver dollar in question.

Most of the questions dealt with by counsel for the defendant will be found discussed in *Rogers* v. *State,* 80 *Ga. App.* 585 (56 S. E. 2d, 633). That case was one of simple larceny involving the theft of three hundred pounds of D. P. and L. cotton. There was some cotton found in the vehicle of the defendant in that case. The point was raised that the cotton found in the vehicle of the defendant was not properly identified as the cotton lost by the owner. Nevertheless, the court allowed this testimony with reference to the cotton to go to the jury as a circumstance

to be considered along with all the other circumstantial evidence in the case. It is interesting to note also that in that case, as here, a plaster of Paris cast was made of the tires of the motor vehicle. There is no merit in this special ground of the amended motion for a new trial.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*