OGLETREE *v*. THE STATE.

CANDLER, Justice. 1. The defendant was indicted by a grand jury in the Superior Court of Monroe County for the murder of James William Bell and, upon his conviction of that offense without any recommendation, was sentenced to be electrocuted. The verdict, as the record shows, is amply supported by evidence and has the approval of the trial judge; this being true, the general grounds of the motion for new trial are without merit.

2. The court charged: "Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection." In addition to this, the accused, in writing, requested the following charge: "If the homicide was unlawful and, if there was no intent to kill and no malice, and it was without any mixture of deliberation whatever, but was in the commission of an unlawful act, the offense would be involuntary manslaughter in the commission of an unlawful act." It is alleged in special ground 1 of the motion for new trial that the court erred in failing to give the requested charge, since it was fully authorized by the defendant's statement. There is no merit in this. The requested charge is not adjusted to the evidence. It is not alleged in the motion for new trial, or otherwise shown by the record, that the request was made, as required by the statute and the decisions of this court, before the jury retired to consider the case; and such allegation being necessary, this ground of the motion is incomplete and accordingly shows no error. See *Brooks* v. *State,* 96 *Ga.* 353 (23 S. E. 413); *Rogers* v. *Manning,* 200 *Ga.* 844 (38 S. E. 2d, 724); *Ehrlich* v. *Mills,* 203 *Ga.* 600 (48 S. E. 2d, 107); *Woodruff* v. *State,* 204 *Ga.* 17 (48 S. E. 2d, · 885); *McLeod* v. *State,* 22 *Ga. App.* 241 (95 S. E. 934); Code, § 81-1101.

3. Special ground 2 of the motion complains of the following charge: "If you find the homicide proved as alleged and the evidence adduced to establish the killing does not show circumstances of justification or alleviation, malice may be inferred; but, if you find the evidence relied on by the State to show the killing contains circumstances of alleviation or justification, the burden of proving the crime is murder is not shifted. The law presumes every homicide to be felonious until the contrary appears from circumstances of alleviation, excuse, or justification, and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury unless such circumstances arise out of the evidence produced against him." For no reason assigned is this excerpt from the charge erroneous. When, as in this case, the State's evidence shows the commission of a homicide by the accused, by the use of a deadly weapon, the law presumes murder, and it is then incumbent upon the defendant to show the killing to have been otherwise. *Cohron* v. *State,* 20 *Ga.* 752; *Hooper* v. *State,* 52 *Ga.* 608; *Vaughn* v. *State,* 88 *Ga.* 731 (4) (16 S. E. 64); *Robinson* v. *State,* 129 *Ga.* 336 (3) (58 S .E. 842); *Johnson* v. *State,* 130 *Ga.*

27 (1) (60 S. E. 160). And this court has frequently held that, when the State proves that the defendant killed the person named in the indictment by the use of a deadly weapon, in the county charged, it is proper for the judge to charge the jury that the law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, or excuse, or justification, and that it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him. *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L.R.A. (NS) 934); *Delk* v. *State,* 135 *Ga.* 312 (69 S. E. 541, 22 Ann. Cas. 1912A, 105); *Turner* v. *State,* 139 *Ga.* 593 (77 S. E. 828); *Fitzpatrick* v. *State,* 149 *Ga.* 75 (3), 80 (99 S. E. 128); *Lively* v. *State,* 178 *Ga.* 693 (173 S. E. 836); *Mattox* v. *State,* 181 *Ga.* 361 (182 S. E. 11); *Myrick* v. *State,* 199 *Ga.* 244, 248 (1) (34 S. E. 2d, 36). In the *Mattox* case it was said: "The charge that the law presumes every homicide felonious until the contrary appears from circumstances of alleviation or excuse or justification, and that it is incumbent upon the prisoner to make out such circumstances to the satisfaction of the jury unless they arise out of the evidence produced against him, was substantially correct." In this case, the State proved by several witnesses that the accused killed the person named in the indictment in the manner therein charged and in the county therein alleged; and its evidence showed no alleviation or excuse, or justification for such killing. Consequently, the above-quoted portion of the charge was not erroneous for any reason assigned.

4. The judge by reading to the jury all of Code § 26-1006, in connection with and immediately before his charge on voluntary manslaughter, did not thereby submit to the jury the offense of involuntary manslaughter in the commission of an unlawful act, as counsel for the plaintiff in error argues. This being true, and there being in the charge no other instruction upon or reference to involuntary manslaughter in the commission of an unlawful act, as defined by § 26-1009 of the Code of 1933, there is therefore no merit in special ground 3 of the motion for new trial, which complains of the judge's failure to charge the penalty or punishment prescribed for involuntary manslaughter in the commission of an unlawful act by the act of 1951 (Ga. L. 1951, p. 737); and which also complains of his omission to charge the provisions of Code § 27-2502, as codified from the indeterminate-sentence act of 1919 (Ga. L. 1919, p. 387). Accordingly, this special ground of the motion presents no cause for a reversal of the judgment complained of. In this connection, see *Angry* v. *State,* 17 *Ga. App.* 161 (1) (86 S. E. 403); *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996).

5. It is the duty of the judge to construct his charge according to the case as made by the evidence; and, if a theory of defense is presented only by the statement of the defendant, the court is not required to charge that theory except when timely requested, in writing, to do so. *Allen* v. *State,* 134 *Ga.* 380 (1) (67 S. E. 1038); *McVeigh* v. *State,* 205 *Ga.* 326 (4) (53 S. E. 2d, 462); *Williams* v. *State,* 207 *Ga.* 620 (2) (63 S. E. 2d, 358). Applying this rule in this case, the failure to charge upon

the defendant's theory of accidental homicide was not error. No request was made for such an instruction, and the evidence did not require or authorize it. See *Webb* v. *State,* 149 *Ga.* 211 (8) (99 S. E. 630). Accordingly, the contention made in special ground 4 of the motion for new trial does not meet with our assent and affords no cause for a reversal of the judgment refusing a new trial.

6. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents from the rulings in divisions 2 and 5.*

No. 18006. ARGUED OCTOBER 15, 1952—DECIDED NOVEMBER 12, 1952.

*Reuben A. Garland* and *Marvin O'Neal Jr.,* for plaintiff in error.

*Ben B. Garland, Solicitor-General, A. M. Zellner, Hugh D. Sosebee, Eugene Cook, Attorney-General,* and *Rubye G. Jackson,* contra.