## 19197. BAGLEY v. THE STATE.

Submitted January 10, 1956—Decided February 15, 1956.

*Ingram & Tull,* for plaintiff in error.
*Erwin Mitchell, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

Wyatt, Presiding Justice. 1. In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say that the evidence amply supports the verdict finding the defendant guilty of the offense charged.

2. The first and second special grounds of the motion for new trial complain of an excerpt from the charge of the court. The portion of the charge excepted to, after defining direct and cir-

cumstantial evidence, reads as follows: "In so far as the State relies in this case for a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of guilt, but must be inconsistent with the theory of innocence." These two grounds make a number of complaints with reference to this portion of the charge. While it would be the better practice to charge the law with reference to circumstantial evidence in the terms of the Code section, the charge above quoted is substantially correct, and the complaints made against it are not sufficient to authorize the grant of a new trial. See *Townsend* v. *State*, 86 *Ga. App.* 459 (71 S. E. 2d 738), where this identical charge was approved.

3. It is next contended that the court below erred in failing to charge, without request, the defense of alibi. There is no merit in this contention. If the defense of alibi was raised at all, it was raised only in the defendant's statement. It is well-settled law in this State that it is not error to fail, in the absence of a written request to do so, to charge the defense of alibi when such defense is raised only by the defendant's statement. *Wynes* v. *State*, 182 *Ga.* 434 (185 S. E. 711). Accordingly, it was not error to fail to charge this defense.

4. It is next contended that the court below erred in failing to charge, without request, the law relating to voluntary manslaughter. There is no merit in this contention. There is no evidence in the record which would have authorized a charge on voluntary manslaughter. The State contended only that the defendant was guilty of murder or nothing. The defendant contended only that he had nothing to do with the death of the deceased, and that he was killed by persons unknown to him. There was no evidence at all which tended to show voluntary manslaughter. It was, therefore, not error to fail to charge the law thereon.

5. It follows from what has been said above, there is no error in the judgment complained of.

*Judgment affirmed. All the Justices concur.*