## 46587.   PARKER v. WEEKES.

BELL, Chief Judge. In this action against an administrator to recover damages for an alleged breach of an oral contract by decedent to make a will devising real property

to plaintiff in return for the performance of personal services to decedent, a jury returned a verdict for the defendant. The plaintiff appeals from the order overruling her motion for new trial. *Held:*

1. The motion to dismiss is denied.

2. Plaintiff's husband testified on direct examination that one of the services performed by plaintiff was the payment of the taxes on decedent's property with money furnished by the latter. Paid tax receipts for 1957 through 1963 were admitted as part of plaintiff's case. This witness again testified that the money to make the payments reflected in the receipts came from the decedent. The defendant administrator testified that plaintiff's husband filed a claim with the defendant against the estate of decedent. This verified claim contains the statement that the claimant, the witness, paid the taxes from his own funds on the decedent's property for the years 1956 through 1965 in amounts identical to those reflected in the tax receipts introduced as plaintiff's exhibits for the years 1957 through 1963. This item of evidence was admitted over plaintiff's objection that it was not an impeaching document and concerned a separate matter not relevant to the issues. There was no error in the admission of the document as it was clearly a contradictory statement previously made by the witness as to matters relevant to his testimony and the case and thus admissible to impeach him. *Code* § 38-1803. On appeal an additional ground of objection, lack of proper foundation, is urged. This ground was not raised at the trial. We will not consider this argument. *Wynes v. State,* 182 Ga. 434 (1) (185 SE 711). As the evidence was admissible for impeachment purposes, the court's charge on impeachment by proof of a contradictory statement was warranted.

3. The trial court's recharge to the jury that the plaintiff had the burden to establish her performance by a preponderance of the evidence was not erroneous for the reason excepted to at trial.

4. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1971—DECIDED JANUARY 7, 1972.

*George P. Dillard, G. Douglas Dillard,* for appellant.
*George H. Carley, Charles H. Hyatt,* for appellee.

