50029. PITTMAN v. THE STATE.

WEBB, Judge.
Clyde Pittman was tried and convicted of selling

amphetamines in violation of the Drug Abuse Control Act (Code Ann. Ch. 79A-9), and he appeals from the order overruling his motion for new trial and from the judgment of conviction and sentence. *Held:*

1. At trial, which took place prior to the effective date of Ga. L. 1973, p. 292, abolishing the unsworn statement law, Pittman elected to make an unsworn statement under the provisions of prior Code Ann. § 38-415. See also prior Code Ann. § 27-405, containing similar provisions. At the conclusion of the unsworn statement, Pittman's counsel sought to have him give a sworn statement, which the trial court refused to permit; and enumeration of error no. 19 complains that "The court erred in not allowing the defendant option to give a sworn statement after making an unsworn statement as appears on page 39 of the record."

Prior to the decision in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783), Code § 38-415 provided only for an unsworn statement, and Code § 38-416 rendered a criminal defendant incompetent to testify under oath in his own behalf. Following the Ferguson decision, both sections were amended by Ga. L. 1962, p. 133. The incompetency provision of § 38-416 was repealed, and § 38-415, while retaining the former provisions as to the unsworn statement, was amended so as to add thereto the *alternative* right to be sworn and to travel as a regular witness. Thus at the time of trial, Code Ann. § 38-415 provided as follows: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross examination, should he think proper to decline to answer. *In the alternative, however,* if the prisoner wishes to testify and announces in open court his intention to do so, he may so testify in his own behalf. If so, he shall be sworn as any other witness and may be examined and cross examined as any other witness. . . Provided, however, in the event the defendant *elects* to be sworn and examined, he shall

not lose his right to open and conclude the argument to the jury . . ." Ga. L. 1962, pp. 133, 134. (Emphasis supplied.) See also Ga. L. 1962, p. 453, amending § 27-405 in similar manner.

Pittman made no attack upon § 38-415 or § 27-405, and the only question before us relates to the proper statutory construction of these sections. More specifically, the question raised is whether, where defendant elects to make an unsworn statement, he also has the absolute right to then make a sworn statement in addition.

We have been cited no cases directly in point, and we find none. It has been held that where defendant does in fact testify under oath as any other witness, the testimony must be considered as sworn testimony and not merely a "statement." *Staten v. State,* 140 Ga. 110 (2) (78 SE 766); *Bryant v. State,* 121 Ga. App. 806 (175 SE2d 924). See also *Ward v. State,* 123 Ga. App. 216, 217 (2) (180 SE2d 280). Those cases do not address themselves to the question here, however.

Dictum in several cases indicates that defendant must elect whether to make a sworn or an unsworn statement, and that upon making the election as to one of the alternatives he waives the right as to the other. In *Robertson v. State,* 124 Ga. App. 119, 120 (183 SE2d 47), we said that "The 1962 amendment to Code § 38-415 granted the defendant a right to testify under oath. Ga. L. 1962, pp. 133, 134. Now, the defendant may *elect* to be sworn *or* may follow the older procedure of merely making an unsworn statement." (Emphasis supplied.) In the concurring opinion to *Dukes v. State,* 109 Ga. App. 825, 831 (137 SE2d 532), it was said that "In some cases counsel may consider it advantageous for the defendant to *waive* his right to be examined by counsel as a witness and *to elect* to make an unsworn statement, thereby depriving the State of the opportunity of cross examination." (Emphasis supplied.) The views expressed in that concurring opinion were subsequently approved in *Williams v. State,* 220 Ga. 766 (141 SE2d 436), and in the course of that opinion it was stated at page 769: "The Act of 1962 amended these two Code sections [38-415, 38-416] by making a defendant a competent witness and

giving him *an option either* to make an unsworn statement *or* to be sworn and examined and cross examined as any other witness." (Emphasis supplied.)

It is our view that these statements are a correct interpretation of §§ 38-415 and 27-405 as amended by the 1962 Acts. Both retain the prior unsworn statement law and add the right to be sworn and to testify as a regular witness "In the alternative." "Alternative," according to Webster's New International Dictionary (2d Ed.), means "1. An opportunity for choice between two things, courses, or propositions, either of which may be chosen, *but not both*. . . 2. Either of two things, courses, or propositions offered to one's choice, *choice of either one excluding choice of the other*. . ." (Emphasis supplied.)

Probably the most firmly established rule of statutory construction is the "plain meaning rule," and under that rule §§ 38-415 and 27-405 must be construed as giving the right either to a sworn or unsworn statement, but not both. This is the standard definition of "alternative." Defendant here elected to make an unsworn statement and in fact did so. "So far as the record shows the prisoner voluntarily took the stand to make an unsworn statement. He did not announce in open court his intention to testify, as required by the statute. He was represented by competent counsel, and we can assume that defendant elected to make an unsworn statement after consultation and upon advice of his counsel." *Abrams v. State,* 223 Ga. 216, 222 (5) (154 SE2d 443).

We hold that Pittman, having elected to make an unsworn statement and having in fact done so, waived the right to then make a sworn statement. Enumeration of error no. 19 is without merit.

2. Enumeration of error 18 complains that the court erred in failing to charge, without request, on the law of alibi. The only mention of alibi was in Pittman's unsworn statement, and no reversible error appears. *Young v. State,* 125 Ga. 584 (2) (54 SE 82); *Wynes v. State,* 182 Ga. 434, 436 (5) (185 SE 711); *Williams v. State,* 199 Ga. 504, 511 (10) (34 SE2d 854); *Bagley v. State,* 212 Ga. 206, 207 (3) (91 SE2d 506); *Fuller v. State,* 228 Ga. 546 (2) (186 SE2d 888); *Hunt v. State,* 229 Ga. 869, 870 (3) (195 SE2d 31);

*Reed v. State,* 15 Ga. App. 435 (1) (83 SE 674), and cases cited; *Welch v. State,* 130 Ga. App. 18, 20 (5) (202 SE2d 223).

3. Pittman complains in enumeration of error no. 8 that the issue was not joined until after the court began charging the jury since he did not personally sign the "not guilty" plea until that time. However, counsel had previously entered the accused's "not guilty" plea in regular form, and no reversible error appears.

4. Enumeration of error no. 12 complains that "The jury verdict in and of itself was error in fixing punishment at $5,000 and 5 years in the State Prison." State's Exhibit 7, admitted without objection, showed that Pittman had previously pleaded guilty to another charge of violation of the Drug Abuse Control Act, and the sentence in the instant case was authorized by Code Ann. § 79A-9915. This enumeration is without merit.

5. Enumerations of error nos. 13, 17, 20 and 21 complain that the trial court erred in "leading the witness" in specified instances. However, no objection, motion for mistrial, or any other complaint was made below, and these enumerations are without merit. *Cline v. State,* 49 Ga. App. 16, 17 (2) (174 SE 194); *King v. State,* 121 Ga. App. 347, 348 (3) (173 SE2d 746).

6. Enumerations of error 4, 5, 10, 15 and 22 complain of the admission of evidence. However, Pittman's counsel did not object to the introduction of this evidence and in each instance stated to the court that he had no objection. It is well settled that objections to evidence cannot be raised for the first time on motion for new trial or on appeal, and these enumerations are without merit.

7. Enumerations of error 6, 7, 9 and 11, complaining of portions of the court's charge, fail to raise any substantial issue demonstrating reversible error.

8. Enumeration of error no. 14 is expressly abandoned, and enumeration of error no. 16 is not supported by argument or citation of authority and is deemed abandoned. Rule 18 (c) (2), this court.

9. The evidence amply supported the verdict, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED FEBRUARY 7, 1975.

*Smith B. West, Robert E. Bach,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.