A89A1333, A89A1334. HOLTON v. THE STATE (two cases).
(386 SE2d 404)

SOGNIER, Judge.

Lewis A. Holton appeals from his conviction on charges of criminal trespass (OCGA § 16-7-21 (a)) and making harassing telephone calls (OCGA § 16-11-39 (4)).

1. In two enumerations of error appellant challenges the suffi-

ciency of the evidence.

Construed to support the jury's verdict, the evidence adduced at trial revealed that appellant was intermittently involved in a romantic relationship with Bobbie O'Grady during 1987 and 1988. Terry Norris testified that O'Grady lived with him in his mobile home for three weeks in September 1987 and again from December 1987 through February 1988 because she had been "kicked out" of appellant's home, and that during the second time she stayed with Norris they were romantically involved. Norris stated that after O'Grady moved in with him in December, appellant began calling his home number, sometimes identifying himself, and asking for O'Grady, who refused to talk to him. Norris stated that appellant on occasion used profanity and threatening language, and that he called repeatedly over a period of six or more months despite Norris's persistent requests that the calls cease.

Norris further testified that on the night of May 23, 1988, he saw appellant at a local bar, and that after returning home, he received two telephone calls from appellant. Around 11:15 p.m. Norris heard a noise outside his home, and upon going outside to investigate saw a man he recognized as appellant drive into the yard, which was illuminated by a security light, in a black foreign-made pickup truck and ram the truck into Norris's car. Norris fired a pistol shot into the ground, and appellant rapidly turned around and drove away. Norris's next door neighbor testified that at approximately 11:00 p.m. on the night in question he heard a noise which sounded like a vehicular impact, and that upon looking outside he saw a small, dark pickup truck back away at high speed. Appellant testified that he owned a red Mazda pickup truck, that he sometimes drove one of his father's pickup trucks, which were green, blue, dark green, and rust, but that he only telephoned Norris once and that he did not run into Norris's car.

We find the evidence authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged offenses. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although appellant argued that the lighting at the scene was inadequate to enable Norris to see appellant, " '[i]t is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. (Cits.)' [Cit.]" *Anfield v. State*, 188 Ga. App. 345, 346 (1) (373 SE2d 51) (1988). The evidence adduced here clearly was sufficient to support the verdict, and thus we find no merit in these enumerations. See id.

2. In his other enumeration appellant contends the trial court gave an erroneous charge to the jury on the issue of when a conviction

may be had on circumstantial evidence.

The transcript reveals that after defining circumstantial evidence, the trial judge stated that such evidence "need not meet every hypothesis, except that of the guilt of the accused, but includes reasonable inferences and hypotheses so as to justify the inference of guilt beyond a reasonable doubt." We agree with appellant that this charge was confusing. The better practice is to charge the law of circumstantial evidence in terms of OCGA § 24-4-6, *Bagley v. State*, 212 Ga. 206, 207 (2) (91 SE2d 506) (1956), and then if necessary make the point addressed by the trial court here by charging that " 'in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. (Cit.) . . .' [Cit.]" *Brewer v. State*, 156 Ga. App. 468, 469 (274 SE2d 817) (1980). See *Carpenter v. State*, 167 Ga. App. 634, 641-642 (8) (307 SE2d 19) (1983). Nonetheless, as the direct evidence was sufficient to authorize the jury to convict appellant of the charged crimes, we find that the error was harmless and did not affect the outcome of the trial, and accordingly we affirm. See generally *Avery v. State*, 141 Ga. App. 92, 93 (232 SE2d 618) (1977).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Mark G. Pitts*, for appellant.
*Henry O. Jones III, Solicitor*, for appellee.