## GRANTHAM v. THE STATE.

1. The verdict of the jury was amply supported by evidence.
2. It was not, in the absence of a proper written request presented by the accused, incumbent on the judge to charge the jury more fully than he did as to what constituted a reasonable doubt of guilt.
3. The trial judge fully and fairly instructed the jury as to the burden resting on the State to show beyond a reasonable doubt the guilt of the accused, and no error prejudicial to him was committed in charging upon this branch of the case.

Submitted April 22, — Decided May 10, 1904.

Indictment for unlawful sale of liquor.   Before Judge Henderson.   City court of Vienna.   February 19, 1904.

*Watts Powell*, for plaintiff in error.
*E. F. Strozier, solicitor,* contra.

EVANS, J.   The defendant was charged with the offense of a misdemeanor, in that on a certain day he did unlawfully, for a valuable consideration, sell whisky, wine, beer, and other intoxicating liquors and intoxicating bitters in the county of Dooly, it being then and there a county in which the sale of such liquors is prohibited by law.   He was tried and convicted, and his motion for a new trial was overruled.

1. Two witnesses testified, in behalf of the State, to a sale by the defendant of two quarts of whisky for which the purchaser paid sixty cents a quart.   In his statement the defendant denied making the sale to which these witnesses testified.   The jury were not bound to accept this statement as true, and their verdict of guilty was fully supported by the evidence.

2. Complaint is made that the judge, in charging the jury, failed to define "reasonable doubt," but merely told them that "a reasonable doubt means just what it says; it is a reasonable doubt."   If the defendant desired an amplification of the definition which the judge gave, he should have presented a proper written request.   Having failed to do so, the omission of the court to charge more fully upon the subject is not cause for a new trial.

3. Error is assigned upon the following charge of the court: "If you believe from all the facts in said case that the defendant did not commit the crime with which he is charged in this bill of indictment, either at the time mentioned in the indictment or

at any time within two years prior to the finding of the bill of indictment, then you would be authorized to find the defendant not guilty." This charge is not technically accurate, for it tends to place the affirmative of the issue upon the defendant; but when considered in connection with the context, it was not prejudicial to the defendant. Just previously to the giving of the charge complained of, the court distinctly instructed the jury that if there should be a reasonable doubt in their minds as to the guilt of the defendant, they should "give the defendant the benefit of that doubt and acquit him." In addition to this instruction, the judge, at the beginning of his charge, informed the jury that there was a presumption of innocence in favor of the defendant, and that the burden was on the State to demonstrate his guilt beyond a reasonable doubt. It is therefore clear that the charge excepted to was not calculated to mislead the jury.

*Judgment affirmed. All the Justices concur.*