## MORAN *v.* THE STATE.

1. Whether a stick exhibited to the jury was a deadly weapon was not matter to be proved by the opinion of a non-expert, the jury being as competent as the witness to determine whether it was an instrument likely to produce death.
2. There was sufficient evidence of an assault by the deceased upon the defendant to warrant a charge on the subject of voluntary manslaughter.
3. All the other assignments of error having been abandoned, the evidence being sufficient to sustain the verdict, and no error appearing, the judgment is affirmed.

Submitted July 18,—Decided August 9, 1904.

Indictment for murder. Before Judge Felton. Crawford superior court. May 31, 1904.

*John R. Cooper, R. H. Culverhouse,* and *A. H. Danielly,* for plaintiff in error. *William Brunson, solicitor-general,* contra.

LAMAR, J. Moran was indicted for murder and found guilty of voluntary manslaughter. There were eighteen grounds of the motion for a new trial, but in view of the brief for the plaintiff in error, he is to be treated as abandoning all the assignments except

that complaining of the court's refusal to admit evidence that the stick in the hands of the deceased at the time of the killing was a weapon likely to produce death, and those grounds of the motion which assign as error that the court charged on the subject of voluntary manslaughter. It does not appear what the witness would have testified in answer to the question as to whether the stick was an instrument likely to produce death. *Henderson* v. *Griffin*, 117 *Ga.* 383. Nor could any harm have resulted to the defendant from failing to allow the question to be answered, inasmuch as it appears that the stick was actually exhibited to the jury and introduced in evidence. The jury were as competent to determine whether it was an instrument likely to produce death as the witness. That being true, it was not a case calling for opinion evidence. *Paschal* v. *State*, 68 *Ga.* 818 ; *Taylor* v. *State*, 108 *Ga.* 384; *Tatum* v. *State*, 59 *Ga.* 640.

In his brief, counsel for the plaintiff in error contends that the State's testimony made out a case of murder, and that the testimony for the accused made out a case of justifiable homicide. His argument is that there was no middle ground, and nothing to warrant a charge on the subject of voluntary manslaughter.

A careful examination of the record shows that Moran was at Lockett's house, and that they had words which increased in bitterness and finally culminated in an altercation; the testimony for the State being that Moran shot because of an insulting expression, and that for the defendant being that Lockett struck Moran with a stick, who instantly fired. This testimony as to an actual assault upon the defendant warranted the court in giving the jury instructions on the subject of voluntary manslaughter. *Horton* v. *State*, 120 *Ga.* 307. It was for the jury to say whether, considering the size of the stick, the circumstances of the assault were sufficient to arouse the fears of a reasonable man, or only to justify the excitement of such passion as would reduce what would otherwise have been murder to manslaughter. The evidence being sufficient to sustain the verdict, and no error appearing, the judgment refusing a new trial is

*Affirmed. All the Justices concur.*