### 6068.  SHEFFIELD v. THE STATE.

WADE, J.  1. Where the trial judge instructed the jury that if they did not believe the defendant's guilt had been established beyond all reasonable doubt, it would be their duty to give him the benefit of that doubt and acquit him, and further that they must be satisfied of his guilt beyond all reasonable doubt, before they would be authorized to convict, it was not error to fail to define the meaning of the expression "reasonable doubt." "It is very seldom that an amplified definition of 'reasonable doubt' elucidates the meaning of these simple words. In the absence of a request that fuller instructions be given the jury upon the subject, it is sufficient if they be told that they must be satisfied of the guilt of the defendant beyond a reasonable doubt; for the words 'reasonable doubt' are so plain in their meaning that he who runs may read, and he who reads may understand." *Middleton* v. *State, 7 Ga. App.* 3 (66 S. E. 24). And see *Grantham* v. *State,* 120 *Ga.* 160 (47 S. E. 518); *Buchanan* v. *State,* 11 *Ga. App.* 756 (76 S. E. 73); *Thigpen* v. *State,* 11 *Ga. App.* 846 (76 S. E. 596); *Barker* v. *State,* 1 *Ga. App.* 286-288 (57 S. E. 989).

2. Where the court correctly instructs the jury as to the weight and value they might attach to the statement made at the trial by the defendant in his own behalf, a failure to instruct them further how a reasonable doubt might "arise and be engendered," or that such a doubt might be "engendered" by the defendant's statement, from the evidence or from a lack of evidence, is not error. The failure to instruct specifically that a reasonable doubt might arise from the statement of the accused is not error. *Early* v. *State,* 14 *Ga. App.* 467 (81 S. E. 385), and cases there cited; *Jordan* v. *State,* 130 *Ga.* 406 (60 S. E. 1063).

3. Where the defense of alibi is distinctly made only by the defendant's statement, it is not error for the trial judge to omit instructions thereon, in the absence of a written request. *Watson* v. *State,* 136 *Ga.* 236 (5), 239 (71 S. E. 122); *Brundage* v. *State,* 14 *Ga. App.* 460 (81 S. E. 384). "An assignment of error based on the failure of the trial judge to charge the jury as to a theory of defense raised altogether by the statement of the defendant, even though it be pertinent, is without merit, when no written request was made for a more specific or fuller charge than that given." *Carter* v. *State,* ante, 343 (83 S. E. 153), and numerous cases there cited.

(a) The defense of alibi was raised solely by the statement of the accused, as the witness Renfroe did not himself assert that the defendant was

in Texas at the time the State's witness alleged he had purchased whisky from him, and his evidence tended merely to impeach the witness for the State, by asserting that the latter had admitted he never bought any whisky from the defendant, but "he put it on him because George was in Texas, and he didn't think he would ever come back."

4. Where an attempt is made to impeach a witness by proof of bad character or of contradictory statements, the weight to be given his testimony notwithstanding the effort to impeach and in the absence of any corroboration is solely for the jury, who may believe the witness notwithstanding the impeaching testimony. *Williams* v. *State*, 69 *Ga.* 11 (28); *Powell* v. *State*, 101 *Ga.* 9-11 (29 S. E. 309, 65 Am. St. R. 277); *Huff* v. *State*, 104 *Ga.* 521-523 (30·S. E. 808); *Brown* v. *State*, 10 *Ga. App.* 50 (72 S. E. 537); *Solomon* v. *State*, 10 *Ga. App.* 469 (73 S. E. 623); *Rice* v. *Eatonton*, ante, 505 (83 S. E. 868).

5. The evidence authorized the verdict returned by the jury, and there is no substantial merit in any of the assignments of error.

*Judgment affirmed.*

DECIDED DECEMBER 22, 1914.

Indictment for sale of liquor; from Laurens superior court—Judge Larsen. October 19, 1914.

*Davis & New,* for plaintiff in error.
*E. L. Stephens, solicitor-general,* contra.