## 23865. WILLIAMS v. THE STATE.

DECIDED NOVEMBER 7, 1934.

*Jake B. Joel,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

MACINTYRE, J. ■ The prosecutor positively identified the defendant as the man who held a pistol in his face while the defendant's two associates searched and robbed him. The prosecutor testified in part as follows, in regard to his identification of the defendant: "It is dark under the tree and at night, and I could see him when he held the flashlight right on me; I could look right

in his face. He held the flashlight in my eye about three or four minutes, yet I was not dazed and could see who it was." This evidence is not so "unreasonable" as to make it impossible for the prosecutor, as contended by the defendant, "to identify another by looking into his face when a flashlight has been in his eyes for three or four minutes." We hold that the evidence supports the verdict.

■ There was no request to charge upon the defense of alibi, and the testimony for the defendant relating to this defense did not, at best, show the impossibility of his presence at the time of the commission of the crime. There was no material error in the failure of the judge to charge the jury specifically as to the defense of alibi. *Smith* v. *State*, 6 *Ga. App.* 577 (65 S. E. 300) ; *Couey* v. *State*, 11 *Ga. App.* 415 (75 S. E. 445) ; *Jenkins* v. *State*, 13 *Ga. App.* 82 (78 S. E. 828). With reference to the defense of alibi, the instant case is controlled by *Sheffield* v. *State*, 15 *Ga. App.* 514 (3) (83 S. E. 871), which reads as follows: "Where the defense of alibi is distinctly made only by the defendant's statement, it is not error for the trial judge to omit instructions thereon, in the absence of a written request. *Watson* v. *State*, 136 *Ga.* 236 (5), 239 (71 S. E. 122) ; *Brundage* v. *State*, 14 *Ga. App.* 460 (81 S. E. 384). 'An assignment of error based on the failure of the trial judge to charge the jury as to a theory of defense raised altogether by the statement of the defendant, even though it be pertinent, is without merit, when no written request was made for a more specific or fuller charge than that given.' *Carter* v. *State*, 15 *Ga. App.* 343 (83 S. E. 153), and numerous other cases there cited."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*