36614. SHANNON *et al.* v. SMITH.

DECIDED JUNE 11, 1957—REHEARING DENIED JUNE 25, 1957.

**136**

*W. B. Freeman, Martin, Snow & Grant,* for plaintiffs in error.
*W. Buford Mitchell, Holliman, Adams & Dallas, S. Gus Jones, Neal D. McKinney,* contra.

NICHOLS, J. 1. In our opinion the testimony of the defendant Eddie James Shannon, the driver of the tractor-trailer, and the only eyewitness to this tragedy that testified, was alone sufficient to have authorized the jury's verdict in this case. The defendant Shannon testified to facts that would indicate that he traveled approximately 612 feet, after seeing the plaintiff's husband, the deceased driver of the pick-up truck move from the right lane to the left lane of the highway when the plaintiff's husband was only 124 feet away from the intersection of the two roads which proved to the jury with mathematical certainty that the defendant Shannon was traveling considerably faster than the plaintiff's husband. This difference in the speed of the two vehicles, coupled with pictures of the demolished pick-up truck and other physical facts and circumstances furnished the jury with ample evidence upon which to found its verdict.

2. The uncontradicted evidence shows that the trailer had no brakes. Although it was not negligence per se to operate the trailer without brakes, the conclusion is unavoidable that not to have brakes on a motor vehicle is a factor that the jury might have considered contributed materially to the driver's inability to keep the vehicle under immediate control, particularly where, as in this case, there is evidence that the tractor-trailer was traveling not less than seventy miles an hour at the time of the impact. The evidence shows further that the tractor-trailer hit the pick-up truck after it had completed its left turn into the dirt road and in fact had traveled north along the dirt road for a

distance of some 25-30 feet when the tractor-trailer hit it broadside and while traveling west, and the trailer-tractor having begun leaving the paved portion of the highway 263 feet east of the intersection of the two roads, and continued to travel after the impact an additional 44 feet before finally coming to rest on its side out in a field.

3. Moreover Eddie James Shannon was subject to being impeached. "Where a witness has been impeached by prior contradictory statements the weight and credit to be given all or any part of his testimony is for the jury, who are authorized to believe a part and disbelieve other parts of the testimony of such witness." *A. C. L. R. Co.* v. *Heyward,* 82 *Ga. App.* 337 (4b) (60 S. E. 2d 641). Thus the jury could have disbelieved that part of the testimony of the defendant Shannon wherein he testified that the turn indicator on the Smith pick-up truck was not on and also disbelieved that portion of Shannon's testimony wherein he testified that the Smith pick-up truck was on the wrong side of the road. Contrarily to disbelieving all of Shannon's testimony, although impeached, the jury could have believed under the evidence in this case that the defendant Shannon was negligent in that he did not apply his brakes, drove without brakes on the trailer and operated his tractor-trailer at seventy miles an hour and that he drove his tractor-trailer completely off the pavement 162 feet from the point of collision, after having lost control of his vehicle. Knowledge of the intersection was imputable to Shannon because of his own testimony, which the jury had a right to believe. He stated that he had traversed this particular road at this particular place twice a day for several months prior to the collision. Even had the jury believed that Smith, the driver of the pick-up truck was guilty of negligence and was violating one or more of the State statutes as contended by the plaintiffs in error it still would be a question for the jury. It is too well settled to require citation that questions of what negligence as well as whose negligence constituted the proximate cause are for the jury's determination.

We think it apparent from the evidence that if Shannon had not been driving too fast and had been in control of the tractor-trailer at the time he could in the exercise of ordinary care have

stopped his vehicle and have avoided the collision altogether.

*Judgment affirmed. Gardner, P.J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. 1. Under no theory was the jury authorized to find in favor of the plaintiff in this case and the court therefore erred in denying the motion for a judgment notwithstanding the verdict. If the jury believed all of the testimony of Eddie James Shannon, the driver of the partnership's trailer truck, and the only eyewitness, the evidence conclusively showed that the only negligence with which the defendants could be charged was that the truck was being driven without brakes on the trailer and this cannot be reasonably said to have been a contributing proximate cause of the collision.

2. If the jury believed all of Eddie James Shannon's testimony except that contradicted by other witnesses and circumstances, the items of negligence against the defendants would have been that he did not apply his brakes, drove without brakes on the trailer and operated his truck at seventy miles per hour. The jury could have also found that he drove his truck completely off the pavement 162 feet from the point of collision but that went to the matter of impeachment and did not show negligence. In this view the negligence of the defendants could not reasonably be said to have been a contributing proximate cause of the collision. Without a knowledge of the intersection and without any warning of a left turn, the defendants owed the driver of the Smith truck no duty whatsoever which he did not perform because Eddie James Shannon could not have anticipated a sudden left turn in front of him under the circumstances.

3. If it can be said that the impeachment of Eddie James Shannon was successful and that the jury disregarded all of his testimony, we are left with the physical facts and circumstances from which no intelligent and logical conclusion could be reached. It is too well known to require citation that where circumstantial evidence points with equal consistency to two opposing theories, one showing liability and one lack of liability, the party having the burden of proof cannot prevail. The two most plausible theories to be deduced from the circumstances alone are (1) that the defendants' truck struck the Smith truck while the

latter was standing still in the dirt road intersection, and (2) that the Smith truck turned into the intersection to the right or left and was struck by the defendants' truck. In the first theory, the conclusion of the defendants' negligence would be authorized; in the second it would not because the fact of collision is not aided by presumption of law or permissible inference under the doctrine of res ipsa loquitur. The fact that the defendants were guilty of negligence in lack of brakes on the trailer and illegal speed would not authorize the inference that one or both were contributing proximate causes of the collision. The plaintiff is not required to prove lack of negligence in the first instance, but to make out a prima facie case she must prove facts to show not only that the defendants were negligent but that such negligence was the proximate or one of the proximate causes of the injuries sued for. There are no circumstances here which authorize a rational conclusion that under the second theory the negligence of the defendants contributed proximately to the collision. The effect of any other ruling would apply a presumption of proximate cause from proof of negligence or apply the rule of res ipsa loquitur to permit a finding of proximate cause from the mere fact of negligence.

In my opinion a verdict was demanded for the defendants, and the court erred in denying the motion for a judgment notwithstanding the verdict.