37031.   HOLLIS *v.* THE STATE.

Decided February 12, 1958.

*Scott Walters, Jr., Albert A. Roberts,* for plaintiff in error.

*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.

TOWNSEND, Judge. ■ Counsel for the defendant moved for a mistrial because during his cross-examination of a policeman testifying as a witness for the State the witness volunteered the remark, "I just know he is hard to get the truth out of. I know that," and again moved for a mistrial because the same witness while on cross-examination at another point volunteered, also in reference to the defendant, "He is pretty nervous when he gets in trouble." On both occasions the court instructed the jury to disregard the remark and not consider it in the case, and then denied the motion for mistrial. It is contended that these remarks put the defendant's character in issue as indicating that he had been previously arrested or questioned and had been in other difficulties with the police.

In *Hubbard* v. *State,* 208 *Ga.* 472, 475 (67 S. E. 2d 562), counsel moved for a mistrial because a police officer on cross-examination volunteered: "On several occasions I have had to go down there and arrest him before then," and the judge ruled out the evidence but refused to grant a mistrial. The court held: "It will be noted that counsel for the defendant was responsible for eliciting the answer complained of in this ground. The trial judge, acting immediately, ruled out the evidence, thereby removing it from the consideration of the jury. We cannot say, under the circumstances of this case, that this action by the trial judge did not afford the defendant all the protection to which he was entitled under the law." In *Flournoy* v. *State,* 82 *Ga. App.* 518 (1) (61 S. E. 2d 556), where a witness volunteered that a third person, in the defendant's presence, had stated: "Louie has been in this liquor business a pretty good while," it was held that, where the objectionable matter was volunteered by the witness and the court takes the proper corrective measures by excluding the testimony and instructing the jury not to consider it, the refusal to declare a mistrial is ordinarily not an abuse of discretion. See also

*Carrigan* v. *State,* 206 *Ga.* 707 (3) (58 S. E. 2d 407); *Stanford* v. *State,* 201 *Ga.* 173 (3) (38 S. E. 2d 823); *Wells* v. *State,* 194 *Ga.* 70 (4) (20 S. E. 2d 580); *Tye* v. *State,* 198 *Ga.* 262 (4) (31 S. E. 2d 471). These two grounds of the amended motion for new trial afford no cause for reversal.

■ Two other special grounds complain that the movant's right to a thorough and sifting cross-examination was abridged because a witness for the State, who had testified that the victim of the shooting picked up a piece of concrete about 2 by 4 by 8 inches, broke it in half and from a distance of 14 feet drew back to throw the pieces at the defendant, was not allowed to answer on cross-examination the questions: "Do you think it would hurt somebody if they were hit with it?" and "Have you ever seen anybody hit with a rock or anything like that?" In *Moran* v. *State,* 120 *Ga.* 846 (1) (48 S. E. 324) it was held: "Whether a stick exhibited to the jury was a deadly weapon was not matter to be proved by the opinion of a nonexpert, the jury being as competent as the witness to determine whether it was an instrument likely to produce death." Where the jury is in possession of all the facts, the opinion of a witness as to nontechnical matters is generally inadmissible, and here the questions were not particularly valuable in testing the recollection or veracity of the witness. The exclusion of this evidence is not ground for a new trial.

■ The evidence in this case showed that the defendant had been living with the victim for some time and referred to her as his wife, and that she was generally known as his wife, but fails to show that there had been any marriage between them. The evidence shows without dispute that the woman referred to in the indictment as Phyllis Burton, and so designated by some of the witnesses, was the same woman who was known as the wife of Charlie Frank Hollis, and whose name appeared on the death certificate as Phyllis Hollis. Under these circumstances it was not error to admit the death certificate in evidence over the sole objection that "There is no Phyllis Hollis connected with the case." This ground is without merit.

■ In special ground 6 error is assigned on a charge of the court that if the State proves the material allegations of the indictment to the satisfaction of the jury and beyond a reasonable doubt they would be *authorized* to convict, but, if not, they would be

*authorized* to acquit. The wording is inapt since in either event the jury has no discretion, but is under the duty to acquit or convict according to whether or not the State has carried its burden of proving the guilt of the accused beyond a reasonable doubt. In *Grantham* v. *State,* 120 *Ga.* 160 (3) (47 S. E. 518), a charge that the jury would be *authorized* to find the defendant not guilty if the State failed to prove guilt beyond a reasonable doubt was held not prejudicial in view of the charge as a whole. The court here stated in another place, "Gentlemen, if you do not believe the defendant to be guilty of murder as charged in the indictment, or if you should have a reasonable doubt as to his guilt of murder, then you should acquit the defendant in this case," and made a like charge as to the crime of voluntary manslaughter. The use of the word "authorized" twice, referring on the one hand to conviction and on the other to acquittal, does not suggest a power of discretion to be used against the defendant, and, in view of the charge as a whole, it is not prejudicial as casting an undue burden upon him. This ground is without merit.

■ Special ground 7 complains that the court charged Code § 26-1006 as follows: "Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection," and that the charge was misleading as suggesting to the jury that they might convict of involuntary manslaughter, which was not otherwise defined or dealt with in the charge. That the reading of this Code section in its entirety, even though there was no issue of involuntary manslaughter, was not error, see *Ogletree* v. *State,* 209 *Ga.* 413 (73 S. E. 2d 201). The judge went on to define voluntary manslaughter and to state the punishment for this offense, and he further charged that there were but three possible verdicts in the case: acquittal, conviction of murder, or conviction of voluntary manslaughter. Thus under no circumstances could the jury have been misled into believing that the defendant could be convicted of involuntary manslaughter in either the commission of an unlawful or a lawful act. A verdict of guilty of "voluntary manslaughter" was returned. This ground is without merit.

■ The evidence, which is for the most part undisputed, is to the effect that the victim, Phyllis, was rough and quarrelsome when drunk; that she was drinking on the day in question; that she quarreled two or three times with the defendant and eventually came to where he was sitting on the front porch of a neighbor's house and threatened to kill him; that she picked up a piece of concrete, broke it in half, and either threw or threatened to throw one of the pieces at the defendant. He retreated toward his house, then reached through a window for his pistol and fired it three times at the woman, inflicting wounds which resulted in her death. Whether or not he was acting under the fears of a reasonable man; whether or not the woman intended to and was capable of committing a felony upon him at that time, and whether or not he believed as a reasonable man that he was unable to protect himself except by killing her, were issues for the jury to decide. The evidence does not demand a verdict of justifiable homicide under all the circumstances of this affray. On the other hand it authorizes the verdict of guilty of voluntary manslaughter and accordingly the general grounds of the motion for new trial are not meritorious.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*