45453.   EDWARDS et al. v. SIMPSON.

ARGUED JULY 9, 1970—DECIDED OCTOBER 16, 1970—
REHEARING DENIED DECEMBER 2, 1970—CERT. APPLIED FOR.

*J. Converse Bright, Jesse T. Edwards,* for appellants.
*Jack W. Carter,* for appellee.

DEEN, Judge. ■ The plaintiffs' action was on an express oral contract, the allegations being that defendant agreed to do certain work and purchase certain materials for $2,310, and plaintiff agreed to pay for certain other materials and subcontracts in the sum of $1,320; that defendant advised the plaintiff that the net costs for material and labor would not exceed $3,630. Plaintiffs then alleged that "they relied upon the representation made to them by the defendant and told him that they would pay this amount of money to get a good job done, but they did not know that defendant was misrepresenting the facts to them and did not know at that time that he was misleading and deceiving them." The measure of damages sought is the amount paid the defendant over the alleged contract price of $3,630 plus the amount necessary to have the work completed by others, these being damages appropriate to a contract but not to one where rescission is sought

or damages calculated on the basis of a tortious injury. The pleadings, therefore, do not fall into the category which allows parties charged with fraudulent misconduct in civil actions to defend by showing evidence of good character. See *Hannah v. Anderson,* 125 Ga. 407 (54 SE 131); *Wimberly v. Toney,* 175 Ga. 416 (6) (165 SE 257). The plaintiff went further, however, and in his testimony stated of the defendant: "You can't believe anything he tells you." This statement, especially in connection with the allegations of deceit and misrepresentation in the petition, put the defendant's character for veracity in issue. This being so, the general rule is that rebuttal evidence is admissible on the pertinent trait of character in issue, but it should be limited to the trait involved. *Stanley v. Willingham,* 93 Ga. App. 421 (1, 2) (91 SE2d 791), where it was held that in an action for damages resulting from an assault, where each party claimed he was the victim rather than the aggressor, character evidence was admissible as to the trait involved (peaceableness or violence) but not evidence of general good character. Statements as to general character, as shown by answers to the statutory questions set out in *Code* § 38-1804, are intended specifically to be used in the impeachment of witnesses for bad character, or, equally to rebut an attempt at impeachment by a showing of good character. See *Barnwell v. Hannegan,* 105 Ga. 396 (2) (31 SE 116), holding further that where the statutory questions are asked to sustain the character of a witness sought to be impeached by evidence of general bad character, other questions, such as the character of the witness for veracity, may not be asked. In cases not falling into either of these categories, evidence as to character is irrelevant and inadmissible. *Code* § 38-202; *Cannon v. Hunt,* 116 Ga. 452 (4) (42 SE 734). Here, the plaintiff put the defendant's character for veracity in issue by the statement, "You can't believe anything he tells you" and the defendant was entitled to introduce evidence relating to his veracity. Four witnesses testified: "I have known Mr. R. A. Simpson for several years, his reputation is good in the community where he lives, and I would believe him on his oath." The testimony has to do both with general character and character for veracity when it should have been limited to the latter alone; nevertheless, it had particular probative value as to the trait involved, and when

viewed in the light of the pleadings and evidence, its admission is not ground for reversal.

█ The defendant's testimony, in support of a pleaded counteraction in the sum of $644, was that he had not contracted with the plaintiff on a job basis but had contracted to work by the hour, materials to be paid for by the plaintiff. He further stated that the defendant owed him more than $644 but that he was willing to settle for $644, and a jury returned a verdict in his favor for this amount. It has been held that the defendant would not be entitled to an amount greater than that sued for. *Kytle v. Kytle*, 128 Ga. 387 (4) (57 SE 748). But see *Jones v. Spindel*, 122 Ga. App. 390 (177 SE2d 187). If the jury believed the defendant's version of the arrangement, there was evidence from which it could have found that there was no agreement beyond that of paying the reasonable value of the work and materials furnished, and that this exceeded the amount received by something more than the amount sued for. Cases decided under the former practice Acts, such as *Walter v. Arp,* 88 Ga. App. 542 (77 SE2d 82), which hold that one who sues on an express contract cannot recover under a quantum meruit theory, must doubtless be modified in view of *Code Ann.* § 81A-108 (e) (2) and *Code Ann.* § 81A-115 (b), in which regard see *D. H. Overmyer Co. v. Kapplin,* 122 Ga. App. 51 (176 SE2d 207), but whether this is true or not the defendant here is not in the position of one who claims a sum certain under a contract and then seeks to travel on a "reasonable value" theory.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Quillian and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

EVANS, Judge, dissenting. I agree with the majority opinion in holding that the pleadings in this case do not fall within the category of those cases which allow the parties charged with fraudulent misconduct to defend by showing evidence of good character. But I cannot agree that the plaintiff, in undergoing cross examination by the defendant's counsel, put the defendant's character for veracity or his general reputation, into issue. Where a party's general good character is not involved in a case, and there is no effort to impeach him as a witness, it is error to allow in evidence over objection the testimony of witnesses to the general good char-

acter of one of the parties to the suit. *Code* § 38-202; *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (8, 33) (12 SE 18); *Anderson v. Southern R. Co.,* 107 Ga. 500 (1) (33 SE 644); *Cannon v. Hunt,* 116 Ga. 452 (4) (42 SE 734); *Smith v. State,* 147 Ga. 689 (3) (95 SE 281); *Allen v. State,* 150 Ga. 706 (1) (105 SE 369); *Gunnin v. Bankers & Shippers Ins. Co.,* 66 Ga. App. 574, 575 (18 SE2d 563).

In this case the trial court allowed defendant to introduce testimony as to his good reputation, and that he could be believed under oath.

Several witnesses so testified in defendant's behalf, the testimony of each witness being substantially as follows: "I have known Mr. R. A. Simpson for several years; his reputation is good in the community where he lived; and I would believe him on his oath." The only justification claimed by defendant for introducing this character of evidence is that while the plaintiff, Jesse T. Edwards, was on cross examination the defendant's counsel inquired of him whether or not Simpson would change his mind from hour to hour and day to day, to which Edwards replied in the affirmative; and then defendant's counsel inquired as to whether or not Edwards could believe anything Simpson told him and he replied in the negative. The questions and answers are not set forth in the transcript, because the testimony comes to this court in narrative form, but implicit in the transcript are those questions and answers. If this testimony was not in response to questions from defendant's counsel, then it was completely unresponsive and should not have been admitted. *Hollis v. State,* 97 Ga. App. 145 (1) (102 SE2d 610); *Mickle v. Moore,* 188 Ga. 444 (6) (4 SE2d 217). If the testimony was inadmissible, he cannot be impeached. *Hudgins v. Bloodworth & Co.,* 109 Ga. 197 (1) (34 SE 364); *Mitchum v. State,* 11 Ga. 615 (8); *Corley v. State,* 171 Ga. 530 (156 SE 196); *Grant v. Hart,* 197 Ga. 662 (7) (30 SE2d 271). The narrative form sets forth the testimony of Jesse T. Edwards while on cross examination by defendant's counsel as follows: "This man is subject to change his mind from hour to hour and day to day. You can't believe anything he tells you and if it was to do over I would certainly draw up a contract with him in the beginning." Thus it is quite apparent that Jesse T. Edwards, the plaintiff, was led by defendant's counsel into making these state-

ments while undergoing cross examination, and it is equally clear that the testimony was not relevant and was not admissible. Whether the defendant was of a changeable mind, and whether he was usually truthful, were not in issue, and were completely irrelevant to the issues in the case. See *Code* §§ 38-201, 38-202. A witness may not be impeached by contradictiry statements previously made unless such statements are "relevant to his testimony and to the case," which was not the situation here. *Code* § 38-1803.

There is an axiom in law as old as the hills, that "you can not put up a straw man and then knock him over." It is one thing for a party to attack the veracity of an opposing party, but quite a different thing for one party to lead another party into such attack. He will not be allowed to thus create an issue, where no issue existed, and then bring forth witnesses to sustain him, and knock over the straw man which he alone has created. This testimony, being elicited by defendant's counsel, while plaintiff was on cross examination, and being clearly inadmissible, afforded no basis whatever for placing witnesses upon the stand to sustain the general reputation of the defendant, nor to prove that he could be believed on oath.

Aside from the foregoing, the sustaining testimony in no way rebutted the inadmissible testimony which defendant's counsel had elicited on cross examination from Jesse T. Edwards. Neither the defendant's reputation nor his character had been placed in issue by the statement that "this man is subject to change his mind from hour to hour and day to day." Most of us change our minds, some more often than others, and it has been said: "A wise man changes his mind; a fool never does." The rebuttal witnesses introduced by defendant did not rebut this testimony, did not testify that the defendant was not subject to change his mind from hour to hour and day to day. Thus, as to this part of Edwards' testimony, there was clearly no rebuttal of same and no excuse for introducing the sustaining witnesses.

Next, the statement that "you can't believe anything he tells you" was not rebutted by the sustaining witnesses. Not a one of them swore that the witness could be believed as to anything he tells you, but they simply testified they would believe him under

oath. Edwards did not testify—was not led into testifying by adroit interrogation of defendant's counsel—that he would not believe the witness under oath. Many people are subject to slight prevarication or gross exaggeration in ordinary conversation; whereas the sanctity of an oath administered to the party usually makes a vast difference in the orator's statement.

Great harm was done the plaintiff in this case by the various witnesses who testified to defendant's good character, and that he could be believed under oath. No doubt these witnesses were of good reputation themselves, perhaps had friends on the jury, and, in effect, were letting the jury know that their sympathies lay with the defendant. That is the kind of testimony that is objectionable because it is completely extraneous and is kept out of the trial of cases lest the jury lose sight of the real issue between the plaintiff and defendant. The jury was entitled to consider the case without the pressure which naturally comes from responsible and popular persons testifying in effect that they would like for the defendant to win the case.

In sum, the testimony delivered on cross examination by Jesse T. Edwards may be analyzed as follows: (1) Not impeaching; (2) not responsive; (3) did not rebut; (4) does not amount to contradictory statements; (5) was inadmissible and irrelevant.

Following are certain pertinent authorities respecting these questions. "Evidence as to general character can be introduced only where the general character is impeached; but not where the witness is discredited as to a particular fact." *Stamper v. Griffin,* 12 Ga. 450 (5). "Even where the impeachment of a witness is attempted by competent proof of contradictory statements previously made by him, it must appear that the contradictory statements referred to 'matters relevant to his testimony and to the case.' Proof as to contradictory statements made in regard to some matter not material in determining the guilt or innocence of the accused, or the correctness, weight, or value of material testimony then being delivered by the witness attacked, does not afford a sufficient basis for the admission of evidence to sustain the witness by proof of his general good character." *Stockton v. State,* 20 Ga. App. 186, 187 (92 SE 1019).

"Until the credibility of a witness is attacked, either for bad

character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity." *Duncan v. State,* 58 Ga. App. 551 (1) (199 SE 319). "A party can not support the testimony of his own witness before he is attacked either for want of character or because he has made contradictory statements." Id., p. 552, quoting *Hamilton v. Conyers,* 28 Ga. 276. "Where . . . the impeaching witness . . . testified that his reason for not believing on oath the witness whom it was sought to impeach was that this witness owed him money and would not pay, such testimony was not competent and admissible as tending to impeach the witness it was sought to impeach. The witness could be impeached only by proof of general bad character, such as would cause the impeaching witness to disbelieve him on oath." *Haynes v. Phillips.* 67 Ga. App. 574 (2) (21 SE2d 261). "Evidence of character to support the credit of a witness is not receivable before impeaching evidence has been adduced. This general rule is not to be varied· to serve the convenience of the supporting witnesses, or because their attendance on the court is voluntary and they refuse to wait." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (33), supra.

"Until the adverse party attacks the credibility of a witness, either for bad character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity. A mere conflict between the testimony of a witness and that of others who have testified on the opposite side will not authorize the admission of evidence to sustain the credibility of such witness. The character of the defendant's witness for veracity was not put in issue by an allegation in the plaintiff's petition, and testimony introduced in support thereof, to the effect that such witness, as agent of the defendant, committed an assault which resulted in the death of the person for whose homicide the plaintiff sued." *Anderson v. Southern R. Co.,* 107 Ga. 500 (1), supra. ". . . Testimony that is inadmissible, which is given on cross examination but is not responsive to a question, should be ruled out; and it is error to overrule a motion to exclude it." *Mickle v. Moore,* 188 Ga. 444 (6) (4 SE2d 217). "Where a witness volunteers an answer unresponsive to the question which tends to put the defendant's character in issue, the court should by every

means possible attempt to eradicate the prejudicial remark from the jury's consideration, and, if there is any likelihood that such means as he uses will not be completely successful, he should grant a timely motion for a mistrial. The court, however, has much discretion in the matter, and in view of the instructions given here, the denial of the motion for mistrial did not constitute an abuse of discretion." *Hollis v. State,* 97 Ga. App. 145 (1) (102 SE2d 610).

I therefore dissent. I am authorized to state that Judge Pannell concurs in this dissent.