47760. GREGSON v. JEFFERSON MILLS, INC.

HALL, Presiding Judge. In an action to recover for architectural services, plaintiff appeals from the judgment and from the denial of his motion for new trial. For the pretrial background to this case, see *Jefferson Mills, Inc. v. Gregson,* 124 Ga. App. 96 (183 SE2d 529).

1. Upon trial, the plaintiff attempted to place in evidence the release discussed in that opinion, especially that portion which reads: "All of the alleged defects pertaining to the said building site, building and interiors thereof, have now been corrected to releasors full satisfaction; and releasors do hereby accept said building and site and acknowledge it to be safe and sound structure with no known defects or inadequacies either latent or patent . . ." He contends the entire release is admissible as an admission against interest by the party defendant that the building had no known defects (and therefore the defense of incompetence would be rebutted). We do not agree that the release has this effect, either legally or logically. It does not acknowledge that the architectural services were performed to defendant's satisfaction, but only that the defects in the building have been corrected. The issue

in this case is not payment for the building itself, to which such a statement would be relevant, but for the value of services alleged to have been so incompetently performed that the corrections were necessary.

Plaintiff also contends the release was admissible in part for the purpose of impeaching defendant's president by a prior contradictory statement contained in it. The statement in question is the sentence that defects "have been corrected to releasor's full satisfaction." The alleged inconsistency was the witness's denial of several questions in which he was asked if he ever made a "statement" that the mill had been built to his "complete satisfaction." However, the transcript reveals that once the witness understood that the "statement" was the release, he explained that it was made after the corrections, that it was intended as only an acknowledgment of the structural soundness of the building and that it certainly did not mean he was "completely satisfied." At this point, the statement became irrelevant for impeachment purposes and the refusal to admit the release into evidence was not error. Code § 38-1803; *Harris v. Giles,* 85 Ga. App. 688 (69 SE2d 892); *Corley v. State,* 171 Ga. 530 (156 SE 196).

2. Plaintiff further contends that $15,992 of the amount sought was for design services on items other than the mill building; that the incompetency defense went only to design of the mill itself; and that the evidence demanded a verdict for plaintiff in at least the above amount. These other items were included only in the quantum meruit count, the defense to which was that plaintiff had already been paid a sum in excess of the reasonable value of his services. The jury was authorized to find that the amount previously paid to plaintiff included the reasonable value of these other services.

*Judgment affirmed. Eberhardt, P. J., Quillian, Clark and Stolz, JJ., concur. Bell, C.J., Pannell, Deen and Evans, JJ., dissent.*

ARGUED JANUARY 5, 1973 — DECIDED
MARCH 16, 1973.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,
Paul Webb, Jr.,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein,
George B. Haley, Jr., Davis & Davidson, Jack S. Davidson,*
for appellee.

EVANS, Judge, dissenting. The trial court refused to allow plaintiff to introduce into evidence a written document which would have contradicted one of defendant's witnesses. The witness, Morris Bryan, testified that he had never made a statement, written or oral, to the effect that this mill had been completed to his complete satisfaction. Plaintiff's counsel then tendered the writing in evidence, which showed the witness had signed a contradictory written statement. The witness attempted to explain that he was referring only to "the building." The court excluded the writing, and the majority opinion seeks to justify this ruling by stating: "However, the transcript reveals that once the witness understood that the 'statement' was the release, he explained that it was made after the corrections, that it was intended as only an acknowledgment of the structural soundness of the building and that it certainly did not mean that he was 'completely satisfied.'" But the writing itself—repelled by the court—contradicted the witness' explanation, in that it contained the following language, to wit: "All of the alleged defects pertaining to the alleged *building site, building and interiors* thereof have now been corrected to releasors full satisfaction." (Emphasis supplied.) The writing shows that more than the *building* was involved in the writing signed by the witness, to wit, *building site,* and *interiors.*

The majority opinion cites for support *Corley v. State,* 171 Ga. 530 (156 SE 196), but there the writing was

*irrelevant;* and cites *Harris v. Giles,* 85 Ga. App. 688 (69 SE2d 892), which, at page 692 shows that the writing related to a separate and distinct matter and had nothing to do with that case, and contradicted no testimony. But in the case sub judice the writing was not irrelevant—it related specifically to this case and was impeaching in character.

Under Code § 38-1803 such a writing is admissible for the purpose of impeachment, where it contains contradictory statements as to matters relevant to his testimony and to the case. See *Hodges v. Haverty,* 115 Ga. App. 199 (2) (154 SE2d 276), also see Code § 70-203.

And although the majority opinion in this court decides the witness had satisfactorily *explained* his contradictory statement, the law does not delegate to this court, nor to the court below, the right or power to determine whether a satisfactory explanation has been made; that function lies solely with the *jury,* and the jury was entitled to have the writing admitted in evidence so they might consider it and balance it against any explanation made by the witness; so in the final analysis the *jury,* and not the court must determine whether the contradicting statement has been satisfactorily explained and whether the witness had been impeached. *Sweet v. Awtrey,* 70 Ga. App. 334, 340 (28 SE2d 154); *Shannon v. Smith,* 96 Ga. App. 131, 137 (99 SE2d 569); *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554 (2a) (122 SE2d 268).

I therefore respectfully dissent and would reverse the lower court.

I am authorized to state that Chief Judge Bell and Judges Pannell and Deen concur in this dissent.