## 61782. SINGLETON v. THE STATE.

BANKE, Judge.

The defendant was convicted of rape and burglary. On appeal, he enumerates as error the exclusion of testimony by a defense witness that she knew the victim's reputation and character and that she would not believe her under oath. In an in-camera hearing, the witness testified that she did not know the victim personally and had never even talked with her, but that she had seen her in a bar on a particular night. The witness testified that the victim "and her two girl friends picked up some guys and left with them." The testimony of the witness does not clearly indicate whether this event took place before the alleged rape or afterward. *Held:*

1. "A witness may be impeached by evidence as to his general bad character. The impeaching witness should be first asked as to his knowledge of the general character of the witness, and next as to what that character is, and lastly he may be asked if, from that character, he would believe him on his oath. . ." Code Ann. § 38-1804. Although the impeaching witness was prepared to state that the victim's general reputation was bad, it is clear that she had no basis for offering such an opinion, and thus the testimony was properly excluded. Accord, *Lynn v. State,* 140 Ga. 387 (10) (79 SE 29) (1913); *Haynes v. Phillips,* 67 Ga. App. 574 (1) (21 SE2d 261) (1942).

2. Defendant also enumerates as error the trial court's charge authorizing the jury to return a guilty verdict on the burglary charge if they concluded beyond a reasonable doubt that he entered the described dwelling with intent to commit a felony *or theft* therein. The indictment does not specify that the defendant entered with intent to commit a theft, but alleges only that he entered with intent

to commit a felony.

The victim testified that in addition to raping her, the defendant took from her between $70 and $100. The only reasonable inference from this testimony is that he did so by force. The defendant did not contend, and there was no evidence upon which the jury could have concluded, that he entered the dwelling with the intention to commit only a misdemeanor theft. Thus, the charge was harmless, even if erroneous.

3. Defendant finally contends that he was denied a fair trial because when he testified, he withheld certain relevant facts which would have been beneficial to him. Assuming this is true, it establishes no ground for a new trial. Accord, *Sanders v. State,* 134 Ga. App. 825 (2) (216 SE2d 371) (1975).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 24, 1981.

*John W. Davis,* for appellant.
*Glenn Thomas, Jr., District Attorney, E. J. Ramsey, John V. Johnson, Assistant District Attorneys,* for appellee.